UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNIFY HOME LENDING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PLAINS COMMERCE BANK, RUSSELL ALLGIER, JAMEE ALLGIER, AMBER MATT, OLIVIA FRIEDEL and CHRISTIAN HARDING, <br><br> Defendants. | File No. 5:24-cv-5033 _____ <br><br><br> **COMPLAINT** |

COMES NOW, Unify Home Lending, Inc. ("Unify), by and through its undersigned counsel, and for its Complaint against the above-named Defendants, Plains Commerce Bank, Russell Allgier, Jamee Allgier, Amber Matt, Olivia Friedel, and Christian Harding, and each of them, states and alleges as follows:

**NATURE OF THE ACTION**

1.      This action seeks monetary damages and preliminary and permanent injunctive relief in response to Defendants' coordinated effort to steal Plaintiff's customers and, in the process, illegally intercept, disclose, and use confidential information and trade secrets.

2.      Defendants Russell Allgier, Jamee Allgier, Amber Matt, Olivia Friedel, and Christian Harding ("Employee Defendants") are all former

1

employees of Unify who worked in its mortgage department in Rapid City, South Dakota, before departing in a staggered but calculated fashion to begin working at Defendant, Plains Commerce Bank.

3.     In the weeks before their departure, the Employee Defendants engaged in a coordinated conspiracy to access Unify's computer system and/or confidential customer information for the illegal purpose of accessing, gathering, intercepting, and redirecting the applications of current and potential mortgage customers to Defendant Plains Commerce Bank.

4.     The Employee Defendants gained access to applications and/or confidential information of customers who sought to be considered for mortgage services provided by Unify, then re-directed those applications and/or confidential information to Plains Commerce Bank, in a coordinated conspiracy to deprive Unify of business.

5.     The applications and/or confidential information and the contents thereof constitute protectable trade secrets, and the means by which Employee Defendants gained access to this information and subsequently made use of it violated a number of federal laws.

6.     Plains Commerce Bank, knew or had reason to know that the employees it was hiring from Unify were providing it with confidential information, that in many instances that Employee Defendants were still employed by Unify while provided Plains Commerce Bank with information, and that the trade secrets that had been acquired unlawfully and that these employees would begin using and relying on this stolen information as soon as

2

they started working for, and trying to make money on behalf of, Plains Commerce Bank (or that Plains Commerce Bank used this information prior to the Employee Defendants' departure from Unify).

7.    Unify specifically states claims for (i) federal claims based on violations of 18 U.S.C. §1832, as amended by the Defend Trade Secrets Act, and as provided under 18 U.S.C. § 1836; (ii) analogous claims under South Dakota's Uniform Trade Secret Act, SDCL Chapter §37-29A; (iii) tortious interference claims against all Defendants for unlawful interference with Unify and its customers; (iv) tortious interference against Plains Commerce Bank for soliciting and recruiting Employee Defendants to engage in unlawful conduct involving misappropriation of trade secrets and other proprietary data from Unify; (v) violations of the duty of loyalty under SDCL § 60-2-13 against all Employee Defendants; (vi) unfair competition against all Defendants; (vii) conversion against all Defendants; and (viii) unjust enrichment against all Defendants.

## **PARTIES, JURISDICTION, AND VENUE**

8.    Unify is incorporated in the State of South Dakota, with its principal place of business in Rapid City, South Dakota.

9.    Defendant Plains Commerce Bank is a banking association charted in the State of South Dakota, with its principal place of business in Hoven, South Dakota, and with mortgage lending branch offices in Sioux Falls,

3

Minnehaha County, South Dakota and Rapid City, Pennington County, South Dakota.

10. Defendant Russell Allgier resides in South Dakota and is a former employee of Unify. On information and belief, Russell Allgier is now employed by Plains Commerce Bank.

11. Defendant Jamee Allgier resides in South Dakota and is a former employee of Unify. On information and belief, Jamee Allgier is now employed by Plains Commerce Bank.

12. Defendant Amber Matt resides in South Dakota and is a former employee of Unify. On information and belief, Amber Matt is now employed by Plains Commerce Bank.

13. Defendant Olivia Friedel resides in South Dakota and is a former employee of Unify. On information and belief, Olivia Friedel is now employed by Plains Commerce Bank.

14. Defendant Christian Harding resides in South Dakota and is a former employee of Unify. On information and belief, Christian Harding is now employed by Plains Commerce Bank.

15. This Court has subject matter jurisdiction over the federal trade secret claims brought under 18 U.S.C. § 1836. Such claims arise under federal law pursuant to 18 U.S.C. § 1331.

16. Pendent jurisdiction exists as to the remaining state-law claims, pursuant to 18 U.S.C. § 1367, as all claims arise out of the same nucleus of operative facts.

4

17.    Specific personal jurisdiction exists based on acts that occurred within or were directed at this forum that serve as the basis of claims made against the Defendants, and all Defendants have minimum contacts with the forum sufficient to permit the assertion of jurisdiction over them.

18.    Venue is appropriate in this District, pursuant to 18 U.S.C. § 1391, as the acts that give rise to the claims occurred within the forum or are substantially connected to acts that occurred within the forum.

## **FACTS COMMON TO ALL COUNTS**

### **A. Unify's Loan Origination Program**

19.    Unify provides residential mortgage loans to qualified individuals.

20.    To be considered for a home mortgage loan, an individual customer fills out an application and/or provides Unify with certain personal and confidential financial information.

21.    Customers provide Unify with certain personal and confidential information as part applying for a residential mortgage, which Unify keeps within its files to track and organize pending loan applications, and which can be included in a loan application or as supporting documentation.

22.    In addition to a home loan mortgage application, a customer's file often includes supporting information and documentation, such as the customer's social security number, salary/wage information, pay stubs, tax returns, and other personal information bearing on the application, including the applicant's credit history.

23. Customer information and loan applications are maintained in confidence by Unify employees and stored electronically within controlled access systems designated by Unify.

24. The Employee Defendants were provided access to confidential customer information and the controlled access systems as a result of their employment with Unify.

25. The Employee Defendants were authorized to access the confidential customer information or controlled access systems only for actions undertaken in the scope of their work performed on behalf of Unify.

26. The customer information and/or applications provided to Unify by its customers are not publicly available, nor are they to be accessed or used outside of those actions which are specifically undertaken as a part of the residential mortgage loan application process offered by Unify to its customers.

**B. Steps Taken to Protect Loan Origination Data**

27. The application materials and personal information submitted by customers and potential customers to Unify constitute valid trade secrets in which Unify has a protectable interest.

28. To safeguard that interest, Unify takes steps to assure that the private information submitted by its customers and potential customers in their applications would remain confidential and out of the hands of competitors and potential wrong-doers.

29. Unify implemented security standards and safeguards for electronically stored information to protect against the possibility that third

parties (whether commercial competitors or potential wrong-doers) would attempt to gain access to the information or wrongfully infiltrate Unify's computer systems.

30.     Unify also limits how and for what purpose employees may access the information contained in the applications and uses security protocols such as passwords, firewalls, and access control points.

31.     As an additional security measure, Unify screens employees in the course of hiring and promotion to assure that employees can be entrusted with information submitted by potential consumers who wish to be considered for a residential mortgage loan.

32.     As a condition of accepting and continuing employment at Unify, each Employee Defendant executed a Mortgage Loan Originator (MLO) Employment Agreement (hereinafter the "Employment Agreement").

33.     The Employment Agreement specifically addresses the Employee Defendants' obligations to work exclusively for Unify in the mortgage banking business as follows:

> **Exclusivity.** During the term of employment hereunder, Employee shall devote their full-time attention to the business of the Company. During the term of employment hereunder, Employee shall work exclusively for the Company and shall not be employed by any other mortgage lending or real estate related business. Employee shall not, without the prior written consent of the Company: (1) directly or indirectly render any services related to the mortgage banking business to any other person or organization, whether for compensation or otherwise; (2) prepare to engage in any such activities; or (3) encourage or facilitate the efforts of other employees of the Company to engage in any such activities. Employee shall not conduct any business activities from the Company's offices other than for the Company, except with the written consent of the Company to such specific activity.

34.     The Employment Agreement also provides:

**Nondisclosure.** Employee shall not, at any time, either during or after Employee's employment by the Company, regardless of how such employment terminates, directly or indirectly, use for Employee's personal benefit, disclose, publish, transfer, reveal, disseminate, or otherwise publicize or make available to anyone, other than authorized employees or contractors of the Company who need such information to perform their employment or contractual duties, the Confidential Information revealed to or learned by Employee or to which Employee had access during Employee's employment by the Company.

35.     The Employment Agreement specifically provides that any employee may not solicit or divert current or potential customers away from Unify:

**Solicitation of Customers.** For the date of this Agreement through a date that is 1 year after employee's willful termination or termination for cause, Employee shall not, directly or indirectly, take any action to solicit or divert any current or potential customers or business away from the Company.

36.     The Employment Agreement specifically provides that any and all materials, including confidential information shall be returned to Unity at the termination of an employee's employment at Unify:

**Return of Materials.** Upon termination of Employee's employment with the Company for any reason whatsoever, Employee agrees to return all property, materials, and equipment of any type provided to Employee by the Company, including, without limitation, all Confidential Information, customer lists, keys, samples, price lists, forms, handbooks, printouts, and surveys.

37.     Because of each Employee Defendant's position within Unify, each had access to confidential customer information and/or applications for customers that were actual or potential customers of Unify.

8

38.    Employee Defendants were given access to this body of customer information for the sole purpose of actions to be undertaken within the scope of their employment and on behalf of Unify.

**C. The Coordinated Conspiracy by the Employee Defendants to Steal Pending Loan Applications and Loan Origination Data from Unify**

39.    Employee Defendant, Russell Allgier, was hired as a loan officer at Unify on January 5, 2023.

40.    Upon information and belief, while Russell Allgier was a loan officer at Unify, he negotiated with the Defendant, Plains Commerce Bank, to open and supervise a branch of their home mortgage lending division in Rapid City, South Dakota, in direct competition with Unify.

41.    Upon information and belief, Russell Allgier, represented to Plains Commerce Bank that he would bring a mortgage lending team with him to work for Plains Commerce Bank.

42.    Most, if not all, of the mortgage lending team was employed at Unify.

43.    All of the Employee Defendants were employed at Unify during these negotiations and all of the Employee Defendants were included in Russell Allgier's "team" that would subsequently be employed by Plains Commerce Bank.

44.    While still employed at Unify, Russell Allgier, and the Employee Defendants began funneling customers and potential customers for residential home mortgage loans to Plains Commerce Bank.

9

45.    Russell Allgier resigned from his employment at Unify on April 28, 2023.

46.    Employee Defendant, Jamee Allgier, also resigned from her employment at Unify on April 28, 2023.

47.    Employee Defendant, Christian Hearing, resigned from his employment at Unify on April 17, 2023.

48.    Employee Defendants, Amber Matt and Olivia Friedel, continued their employment at Unify, despite the fact that they were a part of the Plains Commerce Bank "team".

49.    Employee Defendants, Amber Matt and Olivia Friedel, continued to funnel customers and potential customers for residential home mortgage loans to Plains Commerce Bank.

50.    Amber Matt resigned from her employment at Unify on May 5, 2023.

51.    Olivia Friedel resigned from her employment at Unify on July 7, 2023.

52.    Each Employee Defendant, before deciding to Leave Unify, had already engaged in discussions with Plains Commerce Bank, had already taken action in furtherance of the coordinated conspiracy described below, and had already secured an offer of employment from Plains Commerce Bank as a result of those discussions and in consideration of their participation in the conspiracy.

53.     In preparation for their move, the Employee Defendants conspired together to engage in unauthorized access of the customer information and applications that were provided to Unify and were to be considered for Unify's loan origination program and in provided that information to Plains Commerce Bank.

54.     The Employee Defendants wrongfully accessed, intercepted, and diverted confidential customer information as part of Defendants' coordinated conspiracy and fraudulent scheme and, on information belief, subsequently provided it to Plains Commerce Bank so that those mortgages could be originated at Plains Commerce Bank, either by the Employee Defendants, or by other employees of Plains Commerce Bank.

55.     The Employee Defendants engaged in this unauthorized access of customer information for purposes that were outside the scope of their employment and directly contrary to the interest of their employer, Unify.

56.     Employee Defendants intentionally intercepted the electronic communications from customer and potential customers of Unify that had been submitted by customers for purposes of being considered for residential home loans by Unify.

57.     By intercepting and diverting this data, Employee Defendants prevented the applications from being processed by Unify, as intended, and thereby damaged Unify by usurping fees it otherwise would have earned for each loan it originated.

58.     The illegal interception, diversion, and disclosure of the application materials by Employee Defendants to Plains Commerce Bank was undertaken while the Employee Defendants remained employed at Unify and constitutes a breach of their duty of loyalty as employees.

59.     The Employee Defendants misappropriated trade secrets by and through the illegal interception, diversion, and disclosure of application materials or confidential customer information from Unify to Plains Commerce Bank.

60.     Plains Commerce Bank was aware that the Employee Defendants were still employed by Unify at the time of the disclosure of application materials or confidential customer information from Unify to Plains Commerce Bank.

61.     Plains Commerce Bank opened mortgage files and/or processed mortgage loans for customers it received information from the Employee Defendants while the Employee Defendants were still employed at Unify.

62.     Unify earns a fee for processing and underwriting home loans.

63.     Based on the portfolio of loan applications that Unify is currently aware of that were accessed, intercepted, and wrongfully diverted to Plains Commerce Bank, Unify will incur losses exceeding $100,000, in addition to the concrete harm to its customer relationships and the remediation costs it incurred to investigate and uncover the Defendants' fraudulent scheme.

**D. Plains Commerce Bank's Complicity in the Fraudulent Scheme**

64.    Plains Commerce Bank is a sophisticated commercial actor in the mortgage industry and is subject to the state and federal regulations that govern the manner by which mortgage loan brokers, servicers, and providers interact with consumers, underwrite home mortgage loans, and process home mortgage applications.

65.    Plains Commerce Bank is intimately familiar with the laws, rules, and regulations related to the hiring of mortgage loan officers from other lenders and the confidentiality and/or restrictions on the use of customer information and/or customer knowledge/lists obtained while loan officers were (or still are) employed by other lenders, such as Unify.

66.    Plains Commerce Bank has previously engaged in litigation related to loan officers that left Plains Commerce Bank and which included all of the same claims and causes of action set forth in this Complaint.

67.    Plains Commerce Bank actively recruited Allgier and his "team" to open a residential home mortgage lending branch in Rapid City, South Dakota.

68.    Upon information and belief, Plains Commerce Bank processed loans intercepted and diverted to Plains Commerce Bank by the Employee Defendants through a loan officer employed by Plains Commerce Bank and located in Sioux Falls, South Dakota.

69.    Upon information and belief, the Employee Defendants received or expected to receive compensation for the loans they intercepted and diverted from Unify to Plains Commerce Bank, whether those loans were ultimately

13

processed by the Employee Defendants or another employee of Plains Commerce Bank.

70.     Plains Commerce Bank made these promises, knowing that Employee Defendants would be wrongfully accessing and stealing Unify's customer loan data and either provided that data to Plains Commerce Bank while still employed at Unify or bringing that information (and the business opportunities it represented) with them when they began work at Plains Commerce Bank.

71.     Plains Commerce Bank knew, or had reason to know, that the application materials provided to it by Employee Defendants constituted trade secrets in which Unify had a protectable interest.

72.     On information and belief, the Employee Defendants' staggered but calculated departure from Unify to Plains Commerce Bank was planned out with enough advanced notice to permit the Employee Defendants to access, intercept, and divert – and for Plains Commerce Bank to receive and accept – the customer information and/or home loan applications that were misappropriated from Unify.

73.     Plains Commerce Bank sought to acquire this information from the Employee Defendants in order to gain access to Unify's customers and to deprive Unify of the opportunity to earn a profit, all while providing Plains Commerce Bank with the profit that would have otherwise been recognized by Unify.

14

74.     Plains Commerce Bank aided and abetted the coordinated conspiracy and is a direct beneficiary thereof.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE DEFEND TRADE SECRETS ACT,
18 U.S.C. § 1836 *et seq.*
(*All Defendants*)**

75.     Unify re-alleges and incorporates paragraphs 1 through 74 above, as if fully set forth herein.

76.     The Defend Trade Secrets Act (DTSA) was passed into law on May 11, 2016, and proscribes the threatened or actual misappropriation of trade secrets that are related to a product or service used in or intended for use in interstate commerce.

77.     Unify has developed and preserved certain confidential and proprietary information and intellectual property that constitutes a trade secret, as defined under 18 U.S.C. § 1839(3).

78.     Unify's protectable trade secrets include without limitation the identity of its customers; the content of the information provided to be included on or which is included within the loan applications such customers submitted; and the internal policies, procedures, checklists, forms, and other proprietary information that it uses in the course of its home loan origination line of business, all of which are protected trade secrets under the DTSA.

79.     The trade secret information at issue relates to a product or service that is used in or intended for use in interstate commerce.

15

80.    The trade secret information at issue is not generally known to individuals or entities outside Unify and it derives independent economic value from not being generally known or reasonably ascertainable to another person who could obtain such economic value from its disclosure or use.

81.    During the course of their employment, the Employee Defendants were given access to, and acquired specific knowledge of, Unify's above-described trade secrets for the exclusive purpose of actions undertaken in the course of their employment and for the exclusive benefit of Unify.

82.    Unify has taken reasonable steps to keep secret and prevent the disclosure of trade secrets and other confidential and proprietary information.

83.    Among other things, Unify screens its employees, limits access to customer information and home loan origination policies and procedures, maintains a secure physical location that excludes access to third parties without appropriate authorization, and maintains a secure computer system that includes security features such as passwords, firewalls, and access control points that are designed to prevent access or infiltration by third parties and unauthorized users.

84.    The Employee Defendants knew or had reason to know that Unify intended and expected that the secrecy of its trade secrets to which they had access would be maintained and strictly observed.

85.    Plains Commerce Bank knew, or had reason to know, that the information it acquired or received from Employee Defendants constituted trade secrets that had been obtained surreptitiously and via improper means.

86.    The intellectual property and confidential and proprietary information developed and maintained by Unify also derives actual and potential independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value from the disclosure or use of such information.

87.    Defendants have misappropriated trade secrets through improper means, pursuant to 18 U.S.C. § 1839, and have wrongfully acquired and utilized such trade secrets to their material benefit, individually and collectively, and to the direct material detriment of Unify.

88.    Defendants' actions constitute actual and threatened misappropriation in violation of the DTSA and such misappropriation was willful and malicious.

89.    Unify has suffered, and will continue to suffer, damages as a result of Defendants' violations of the DTSA, both in the loss of past and future business opportunities.

90.    Unify is entitled to recover actual and exemplary damages, together with attorney's fees, from Defendants, each of which is jointly and severally liable for the same.

### SECOND CAUSE OF ACTION

### MISSAPPROPRIATION OF TRADE SECRETS, SDCL § 37-29-1 *et seq.* *(All Defendants)*

91.    Unify re-alleges and incorporates paragraphs 1 through 90 above, as if fully set forth herein.

17

92.     Unify has developed and preserved certain confidential and proprietary information and intellectual property that constitutes a trade secret, as defined under South Dakota law.

93.     The trade secret information at issue is not generally known to individuals or entities outside Unify and it derives independent economic value from not being generally known or reasonable ascertainable to another person who could obtain such economic value from its disclosure or use.

94.     During the course of their employment, the Employee Defendants were given access to, and acquired specific knowledge of, Unify's above-described trade secrets for the exclusive purpose of actions undertaken in the course of their employment and for the exclusive benefit of Unify.

95.     Unify has taken reasonable steps to keep secret and prevent the disclosure of trade secrets and other confidential and proprietary information.

96.     Among other things, Unify screens its employees, limits access to customer information and home loan origination policies and procedures, maintains a secure physical location that excludes access to third parties without appropriate authorization, and maintains a secure computer system that includes security features such as passwords, firewalls, and access control points that are designed to prevent access or infiltration by third parties and unauthorized users.

97.     Unify has a protectable interest in its intellectual property, confidential information, and trade secrets under the South Dakota Uniform Trade Secret Act (SDUTSA), SDCL Chapter 37-29.

18

98.   The Employee Defendants knew or had reason to know that Unify intended and expected that the Employee Defendants would maintain and preserve the secrecy of its trade secrets to which they had been given access.

99.   Plains Commerce Bank knew, or had reason to know, that the information it acquired or received from Employee Defendants constituted trade secrets that had been obtained surreptitiously and via improper means.

100.   The intellectual property and confidential and proprietary information developed and maintained by Unify also derives actual and potential independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value from the disclosure or use of such information.

101.   Defendants have misappropriated trade secrets through improper means, in violation of the SDUTSA.

102.   At the time the Employee Defendants acquired the trade secret information, they knew or had reason to know that the trade secret information (i) derived from or through a person who had utilized improper means to acquire it; (ii) was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; and (iii) was derived from or through a person who owed a duty to Unify to maintain its secrecy or limit its use.

103.   At the time that the Employee Defendants disseminated such misappropriated trade secret information to Plains Commerce Bank and/or began employment for Plains Commerce Bank and made use of such misappropriated trade secret information on behalf of their new employer,

19

Plains Commerce Bank acquired or received or became aware of the misappropriated trade secret and knew, or had reason to know, that the trade secret information (i) derived from or through a person who had utilized improper means to acquire it; (ii) was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; and (iii) was derived from or through a person who owed a duty to Unify to maintain its secrecy or limit its use.

104.   Each Defendant used improper means to acquire and utilize trade secrets that were wrongfully misappropriated from Unify in order to secure material benefits to themselves as individuals and to further the coordinated conspiracy of which each was part.

105.   The Defendants will continue to utilize and benefit from the misappropriated trade secrets and will continue wrongfully to harm Unify.

106.   Defendants' actions constitute actual and threatened misappropriation in violation and were willful, wanton, and malicious.

107.   Unify has suffered, and will continue to suffer, damages as a result of Defendants' violations of the South Dakota law, SDCL Chapter 37-29.

108.   Unify is entitled to recover actual and exemplary damages, together with attorney's fees, from Defendants, each of which is jointly and severally liable for the same.

109.   Defendants' violations of the DTSA pose an ongoing and imminent threat of irreparable harm to Unify, including diminution of value of its trade

20

secrets, lost profits, unfair siphoning of goodwill, and unfair diminishment of its competitive advantage.

110.   The harm that Unify faces cannot be adequately addressed through legal remedies alone and Unify is entitled to preliminary injunctive relief, a statutory remedy specifically provided by 18 U.S.C. § 1836(b)(3)(A), as set forth in its Prayer for Relief below.

### THIRD CAUSE OF ACTION

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP
### (*All Defendants*)

111.   Unify re-alleges and incorporates paragraphs 1 through 110 above, as if fully set forth herein.

112.   Defendants knew that Unify had a business relationship with customers who had provided confidential information and/or filled out home mortgage applications and submitted them to Unify, with the expectation that Unify would provide a home mortgage loan to them.

113.   Defendants conspired together to intentionally interfere with Unify's relationships with its customers and did so through improper, illegal, and unfair means.

114.   Defendants' efforts to intercept and divert the application materials and the business opportunities they represented was intended to interfere with, and did in fact interfere with, Unify's relationships with its customers.

115.   Defendants' efforts to intercept and divert the application materials and the business opportunities they represented was intended to usury

wrongfully, and did in fact usurp wrongfully, Unify's legitimate expectations of making a profit by underwriting and servicing home mortgage loans on behalf of its customers.

116. Unify has been harmed by this intentional, improper interference and is entitled to recover consequential damages in an amount to be proven at trial from all Defendants, each of which is jointly and severally liable.

## FOURTH CAUSE OF ACTION

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP
(*Plains Commerce Bank*)

117. Unify re-alleges and incorporates paragraphs 1 through 116 above, as if fully set forth herein.

118. Plains Commerce Bank has unlawfully solicited and recruited the Employee Defendants and accepted, as consideration and inducement for hiring them, the trade secrets, confidential information, customer information, and unlawfully misappropriated customer leads that the Employee Defendants stole from Unify.

119. Plains Commerce Bank knew, or had reason to know, that Unify's employment relationships with Employee Defendants includes a common-law duty of loyalty that would be breached, and was in fact breached, when Plains Commerce Bank solicited, recruited, and induced the departure of the Employee Defendants.

120. Plains Commerce Bank knew, or had reason to know, that the Employee Defendants, as part of their employment relationship, had an

affirmative obligation to protect and not unlawfully abscond with trade secrets and confidential information and such obligation would be breached, and was in fact breached, when Plains Commerce Bak solicited, recruited, and induced the departure of the Employee Defendants and came into possession of and readily used such information.

121.   Plains Commerce Bank intentionally and improperly interfered with Unify's relationship with each Employee Defendant and did so through improper, illegal, and unfair means.

122.   Unify has been harmed by this intentional, improper interference and is entitled to recover consequential damages in an amount to be proven at trial from Plains Commerce Bank.

### FIFTH CAUSE OF ACTION

### BREACH OF DUTY OF LOYALTY UNDER SDCL § 60-2-13
### (*Employee Defendants*)

123.   Unify re-alleges and incorporates paragraphs 1 through 122 above, as if fully set forth herein.

124.   Each Employee Defendant, by virtue of his or her relationship with Unify, owed a duty of loyalty pursuant to SDCL § 60-2-13.

125.   Each Employee Defendant, breached that duty of loyalty when, while still employed at Unify, each Employee Defendant gave preference to their own private commercial interests over and above that of Unify.

126.   Each Employee Defendant further breached his or her duty of loyalty by engaging in acts (including unlawfully intercepting and diverting

23

client data and thereafter diverting and/or soliciting business of Unify customers) that had the effect, and were undertaken for the purpose, of directly competing with and harming Unify while still employed by it.

127. Each Employee Defendant's misconduct was willful, wanton, and malicious.

128. Unify was harmed by these actions in breach of the duty of loyalty that each Employee Defendant owed it, and it is entitled to recover compensatory and punitive damages in an amount to be proven at trial, for which each Employee Defendant is jointly and severally liable.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION
### (*All Defendants*)

129. Unify re-alleges and incorporates paragraphs 1 through 128 above, as if fully set forth herein.

130. Defendants' misconduct, as described above, constitutes unfair competition in violation of the common law and was willful, wanton, and malicious.

131. Defendants' unfair competition has damaged, and will continue to damage, Unify, which is entitled to recover compensatory and exemplary damages in an amount to be proved at trial, for which each Defendant is jointly and severally liable.

24

## SEVENTH CAUSE OF ACTION

### CONVERSION, SDCL § 21-3-3
(*All Defendants*)

132.   Unify re-alleges and incorporates paragraphs 1 through 131 above, as if fully set forth herein.

133.   The Employee Defendants were not given permission, implied or otherwise, to retain possession of Unify's confidential information and customer data and information for purposes unrelated to their employment and to serve their personal interests to the direct detriment of Unify. All such information – including materials, documents, and electronically stored information – was the exclusive property of Unify.

134.   All Defendants gained access to, and retained possession of, documents, materials, and electronically stored information owned by Unify.

135.   The Defendants used the documents, materials, and electronically stored information to process loans at Plains Commerce Bank for their own financial benefit, to the exclusion of Unify.

136.   Defendants have no right to possess these documents, materials, and electronically stored information and they received and maintained possession of them knowing, or having reason to know, that they had unlawfully taken from Unify.

137.   Defendants have exercised wrongful dominion and control over Unify's property and have thereby wrongfully converted the same in violation of its exclusive right of ownership.

25

138.   Plaintiff is entitled to recover compensatory and punitive damages, for which each Defendant is jointly and severally liable.

## EIGHTH CAUSE OF ACTION

### UNJUST ENRICHMENT
### (*All Defendants*)

139.   Unify re-alleges and incorporates paragraphs 1 through 138 above, as if fully set forth herein.

140.   Defendants have received monetary benefits as a result of the unlawful misconduct described herein and have wrongfully misappropriated valuable customer relationships.

141.   Defendants have been unjustly enriched thereby, just as Unify has been unjustly harmed.

142.   Unify has suffered, and will continue to suffer, harm that results from Defendants' misconduct, which is willful, wanton, and malicious.

143.   Unify is entitled to recover compensatory and exemplary damages in an amount to be proven at trial, for which each Defendant is jointly and severally liable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Unify Home Lending, Inc. respectfully requests that the Court enter Judgment in favor of the Plaintiff, Unify Home Lending, Inc., and against the Defendants, Plains Commerce Bank, Russell Allgier, Jamee Allgier, Amber Matt, Olivia Friedel, and Christian Harding, and each of them, as follows:

26

1. Affirmatively compelling all Defendants (a) to identify and itemize any materials, communications, and electronically stored information or data that constitute or relate to applications for residential home mortgages that were taken, sent, or diverted by, or are otherwise in actual or constructive possession of Defendants; (b) to identify and itemize any materials, communications, and electronically stored information or data that constitute or related to any policy, procedure, protocol, form, checklist, or other work product developed, maintained, or used by Unify in relation to its home loan origination or servicing line of business that are within Defendants' control, custody, or possession or that Defendants may otherwise readily access; (c) to identify and itemize all contacts with any customer of Unify whom Defendants contacted on behalf of Plains Commerce Bank, or any other person or entity outside the scope of their employment at Unify either during Employee Defendants employment at Unify or after Employee Defendants resigned from their employment at Unify; (d) to relinquish possession of or otherwise delete, destroy and erase any materials, documents, or other information that may contain, reflect, or constitute intellectual property, confidential information, or trade secrets of Unify, whether tangible or or intangible; and (e) to submit to the Court via sworn declaration or affidavit the specific steps taken to assure compliance therewith;

2. Temporarily and permanently enjoining all Defendants from (a) misappropriating trade secrets and other protected information from Unify; (b) from using or otherwise disclosing further any documents, material, or information taken from Unify; and (c) contacting or working with customers whose information or documents were wrongfully taken from Unify.

3. Temporarily and permanently enjoining all Defendants from (a) further engaging in tortious interference with Unify's contractual relationships with its customers, including those who submitted loan application materials that Employee Defendants intercepted, disclosed, used, or attempted to sue; (b) further contacting or communicating with Unify's existing customers with whom Defendant Plains Commerce Bank has no relationship; (c) further disclosing, disseminating, or making use of any materials relating to Unify's operations that Employee Defendants retained after resigning their employment with Unify; and (d) further disclosing, disseminating, or making use of Unify's misappropriated trade secrets for any purpose or in any fashion going forward.

The Plaintiff, Unify Home Lending, Inc., further requests that the Court en er a Judgment in favor of the Plaintiff, Unify Home Lending, Inc., and against the Defendants, Plains Commerce Bank, Russell Allgier, Jamee Allgier, Amber Matt, and Olivia Friedel, and Christian Harding, and each of them, as follows:

4. Awarding Unify consequential and punitive/exemplary damages against all Defendants for conduct in violation of the Defend Trade Secrets Act, in an amount to be proven at trial, for which each Defendant is jointly and severally liable;

5. Awarding Unify consequential and punitive/exemplary damages for Defendants conduct in violation of SDCL Chapter § 37-29, in an amount to be proven at trial, for which each Defendant is jointly and severally liable;

6. Awarding Unify consequential and punitive damages against all Defendants for unfair competition in an amount to be proven at trial;

7. Awarding Unify all damages that equity requires in order to remedy Defendants' unjust enrichment; and

8. Awarding Unify its costs and disbursements incurred in this matter, including its reasonable attorney's fees and pre- and post-judgment interest on all amounts awarded against Defendants; and

9. Awarding such other, further, and different relief as the Court deems equitable and appropriate.

28

Dated this 20th day of May, 2024.

This Document has been Electronically Filed

NOONEY & SOLAY, LLP


/s/ Robert J. Galbraith
ROBERT J. GALBRAITH
*Attorneys for Plaintiff*
326 Founders Park Dr. / P.O. Box 8030
Rapid City, SD  57709-8030
(605) 721-5846
robert@nooneysolay.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BE JURY ON ALL ISSUES TRIABLE TO A JURY**

JS 44   (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNIFY HOME LENDING, INC.,

**DEFENDANTS**

PLAINS COMMERCE BANK, el.

**(b)** County of Residence of First Listed Plaintiff    Pennington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Pennington
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Robert J. Galbraith, Nooney & Solay, LLP, P.O. Box 8030, Rapid city, SD 57709-8030, (605) 721- 5846

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.    Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.